| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| FREDRICK RANSON, § | |
| TDCJ 705952, § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION H-06-2616 |
| § | |
| TOMMY THOMAS, § | |
| § | |
| Defendant. § | |

# Opinion on Dismissal

Fredrick Ranson sues Harris County Sheriff Tommy Thomas for civil rights violations. 42 U.S.C. § 1983. Ranson seeks compensatory and punitive damages.

1. *Background and Claims*

Ranson sues Thomas concerning his custody in the Harris County Jail. He was in the jail under a mandatory supervision revocation warrant issued by the Texas Board of Pardons and Paroles (Board).

Ranson's claims follow. Ranson was serving a Texas prison sentence when he was released to mandatory supervision on October 23, 2003. He was arrested January 7, 2004, in Brazoria County and charged with a new criminal offense. On March 10, 2004, Houston Police executed a pre-revocation warrant based on Ranson's new criminal charge. They took him to the Harris County Jail under the authority of Thomas, and he remained there from March 11, 2004, through August 19, 2004. During this time he did not have a trial on any pending criminal charges or a revocation hearing.

Thomas knew that the Board had not revoked Ranson's mandatory supervision within the 41-day time limit required by State law. State law authorized Thomas to notify the Board of "his disposition as set forth by the Tex. Gov't Code deadline section." Thomas failed to perform his statutory duty of notifying the Board. Ranson also says that after 41 days in custody, Thomas was required by state law to transfer the prisoner or notify the transferee entity of the intended transfer or release. By allowing Ranson to stay

in the jail for 155 days without notifying the Board, Thomas falsely imprisoned Ranson. Thomas had a statutory duty to provide "adequate criminal process" to Ranson. Thomas denied Ranson "access to court" and deprived him of a "scheduled court date" in Brazoria County for pending criminal charges. Ranson also says he was not informed of his rights in the revocation process.

Ranson claims false imprisonment; denials of due process, equal protection, and access to the courts; cruel and unusual punishment; and conspiracy.

2.   *Due process*

Ranson claims Thomas deprived him of due process by not releasing or transferring him when the Board failed to hold a timely revocation hearing. This claim implies the invalidity of Ranson's mandatory supervision revocation. *See Morrissey v. Brewer,* 408 U.S. 471, 488 (1972) (to satisfy due process, a parole revocation hearing must occur within a reasonable time from the date of arrest); *see also* TEX. GOV'T CODE ANN. § 508.282 (West 2004).

Section 1983 claims for damages which challenge the validity of a conviction or confinement cannot proceed unless the conviction or confinement has been invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* holding covers parole revocations. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). Ranson has not shown that his revocation or return to prison have been negated. Ranson's due process claim concerning delay must be dismissed under *Heck*. Ranson's due process claim concerning notice of his hearing rights must also be dismissed under *Heck*. This notice claim also fails because it is not the Sheriff's duty to advise Ranson of his procedural rights in a revocation hearing—that is the responsibility of the Board.

3.   *False Imprisonment*

The elements of a false imprisonment claim are: (1) willful detention, (2) without consent, and (3) without authority of law. *Pete v. Metcalfe*, 8 F.3d 214, 218 (5th Cir. 1993). Ranson's Exhibit D shows he was held by Thomas under authority of a warrant issued by the parole division of the Texas Department of Criminal Justice. Ranson has not shown that Thomas falsely imprisoned him.

4. *Access to the Courts*

Prisoners have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). An inmate's right of access to the courts requires a prison or jail to provide inmates with access either to an adequate law library or to adequate legal assistance by trained personnel. *Id*. The right of access to the courts applies only to inmates who suffer actual harm in a particular lawsuit in which they are a party. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Ranson does not allege any harm in his Brazoria County case. Moreover, he is not making a First Amendment claim. Ranson does not complain about an inability to do legal research or send pleadings to a clerk. He says Thomas kept him from appearing for a scheduled court date in Brazoria County. Ranson's claim is a due process claim premised on his right to be present in court in criminal proceedings. Ranson does not allege that a hearing occurred in his absence. If a hearing of any consequence did occur in his absence, this would imply the invalidity of the conviction under *Heck*.

Ranson has not shown a denial of access to the courts.

5. *Cruel and Unusual Punishment*

Ranson claims cruel and unusual punishment. The Eighth Amendment protects against those deprivations that result in "unquestioned and serious deprivations of basic human needs" or that are deprivations of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment..." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Ranson's allegations do not show an Eighth Amendment violation by Thomas.

6. *Conspiracy and Equal Protection*

Ranson asserts a conspiracy. This claim should be dismissed because Ranson offers no facts in support of his claim which show that Thomas conspired with anyone against him. *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir 1982) (a plaintiff claiming conspiracy must allege facts showing that the defendants agreed to commit an illegal act). Ranson's equal protection claim should also be dismissed because he offers no explanation

3

of the claim or any factual support.   *Rhodes v. Chapman*, 452 U.S. 337 (1981) (conclusory allegations unsupported by any facts are insufficient to state a claim).

7.   *Conclusion*

Ranson fails to state a civil rights claim recognized at law.  This case will be dismissed.  The Texas Department of Criminal Justice-Institutional Division will deduct 20% of each deposit made to the Fredrick Ranson's inmate trust account (705952) and pay this to the court regularly, provided the account exceeds $10, until the filing fee, $350, is paid.

The clerk will send a copy of this order to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

Signed September 27, 2006, at Houston, Texas.

Lynn N. Hughes
United States District Judge